## Cox et ux. *vs.* Corkendall.

When legacies are directed to be paid out of the *estate* of the testator, the real estate is charged with the legacies.

So when the lands are devised to the executors, who are directed to pay the legacies.

The general rule, that a legacy bears interest from the time it is payable, admits of an exception where a legacy given by a parent to a minor child is made payable at a future day, and no provision is made for the support of the legatee in the meantime.

Interest not allowed under the language of the will in question and the circumstances of the case.

*McCarter*, for complainants.

*Shepherd*, for defendant.

THE CHANCELLOR. Jonathan Corkendall, of the county of Sussex, by his last will and testament, bearing date on the first day of August, 1828, gave, devised, and bequeathed as follows: " I give and bequeath to my beloved wife Mary a good and comfortable living during her natural lifetime out of my estate. Next, I give and bequeath to my daughter Susan $400, and to my daughters Lydia Ann and Maria, each, the sum of two hundred dollars, which several bequests are to be paid after the death of their mother. Also, I give and bequeath to my two daughters, Lydia Ann and Maria, each, one good cow and one good feather bed and bedding, and six sheep, to be paid to them when called for." "All of which several legacies are to be paid out of my estate."

" And lastly, I give all my lands and personal property, after my debts are paid, to my two sons, Levi and Moses, to be equally divided between them : and furthermore, I make, constitute, and appoint my two sons, Levi and Moses, executors of this my last will and testament."

This bill is filed by Lydia Ann, a daughter of the testator and one of the legatees named in the will, and her husband, Jeptha Cox, against the devisees named in the will, to have the legacies declared a charge upon the real estate, and to recover the amount thereof and the value of the specific legacies with interest.

Upon the main question made by the bill there can be no dispute. The testator directs the legacies to be paid out of his estate. He gives his estate, real and personal, after the payment of debts, to his two sons, and appoints them his executors. The legacies are a charge upon the land, and must be so declared. Where legacies are directed to be paid out *of the estate* of the testator the real estate is charged with the legacies. *Lepet* v. *Carter*, 1

*Ves., sen.,* 499; *Harris* v. *Fly,* 7 *Paige* 421; *Van Winkle* v. *Van Houten,* 2 *Green's Ch. R.* 172; 2 *Jarman on Wills* 513.

So where the land is devised to executors who are directed to pay the legacies.

The only question open to dispute is the amount that the legatee is entitled to recover. The will is dated on the 1st of August, 1828, and the testator died on the 6th of that month. The legacy of $200 was payable on the death of the mother. The specific bequest, *viz.* one cow, a good feather bed and bedding, and six sheep, are "to be paid when called for." The widow died on the 15th of July, 1854, (twenty-six years after the death of the testator) at which time the pecuniary legacy, by its terms, is made payable. On the 27th of June, 1857, the complainants made a written demand of the defendants for the pecuniary legacy, with interest, and also for the delivery of the specific bequests.

The complainants claim interest on the pecuniary legacy from the death of the father, on the ground that the legatee was a minor at the death of the testator.

The general rule, that a legacy bears interest from the time it is payable, admits of an exception where a legacy given by a parent to a minor child is made payable at a future day, and no provision is made for the support of the legatee in the meantime. In such case, as the parent is bound for the support of the child, and as the presumption is that it was not the intention of the testator to leave the child unprovided for, equity presumes that his intention was that the legacy should draw interest from his death, and the same rule of construction is adopted at law. *Heath* v. *Perry,* 3 *Atkyns* 101; *Harvey* v. *Harvey,* 2 *P. Wms.* 21; 2 *Roper on Leg.* 1257.

In all the early cases in equity it will be found that this rule of construction was adopted upon a bill filed to make provision for an infant child out of the estate of the parent until he was of age. And the allowance is made by way of maintenance, and the court allow legal interest or less, as they deem equitable.

All this seems to rest upon the equity of the case rather than upon any clearly defined or fairly presumed intent of the testator.

In *Heath* v. *Perry*, 3 *Atkyns* 101, the bill was filed to recover interest upon legacies which were payable, by the terms of the will, when the legatees were twenty-one. Lord Chancellor Hardwick said, " cases of this kind, how far a legatee, who is not entitled to the payment of his legacy immediately, shall have interest in the meantime, depend upon particular circumstances—some upon relationship, some upon the necessities of the legatees, and most of them upon the particular framing of wills—and there is hardly one case that can be cited that is a precedent for another.

In the case now under consideration it appears that the testator, at the date of his will and at the time of his death, was the owner of a small farm, upon which he resided with the families of his two sons, both of whom were married. His personal estate was insufficient to pay his debts. After the testator's death, the mother, with her two unmarried daughters, continued with the sons upon the farm. The daughters, as in their father's lifetime, continued to work for their support, sometimes from home and sometimes at home, where they were employed in sewing or weaving. There is, as there always in such cases will be, great conflict in the evidence as to the comparative value of their labor and the services they rendered in their brother's family. But the material fact in the case is clearly established, that for years after the father's death, and down to the time of her marriage, the legatee had a home with her mother in her brother's family, and there, however humble may have been that home and however laborious her life may have been, she was trained to habits of industry. She enjoyed the counsels and society of her mother, the companionship and protection of her brother, the nameless and inestimable privileges of a home surrounded by her family, advan

tages far greater than could possibly have been purchased by the interest to be derived from a legacy small as the present or far greater in amount.

Upon the face of the will it is apparent that the testator never intended that interest should be paid upon the legacy before the death of the mother. He expected precisely what occurred, viz. that the daughter would find a home, so long as it was needed, with her mother upon the homestead. That the specific legacies should be paid whenever the daughter was in a situation to require them, and that the money legacy should be received without interest on the mother's death.

It will be observed that the complainants are not here asking for a maintenance during her minority in the shape of interest upon the legacies. She comes, after the lapse of a quarter of a century, a married woman with her husband, asking the payment of the legacy given by her father with more than thirty years' interest. The claim has no support either in the intentions of the testator or in the principles of equity. The complainant is entitled to the legacy, with interest from the death of the testator's widow.

The evidence in regard to the specific bequests is far from satisfactory, resulting mainly from lapse of time. The legatee came of age, according to her own evidence, in 1830. She was married in 1860. She is, with her husband, litigating in equity with her brother for a few personal chattels of trifling value. The whole claim might properly be discarded as a stale demand; but as the defence is not rested upon this ground, I shall allow the value of the sheep from the time of the written demand. The evidence shows that the cow and bed and bedding have been delivered.